UNITED STATES of America,
Plaintiff–Appellee,

v.

Robert ANDERSON, Defendant–
Appellant.

No. 01–50409.

D.C. No. CR–00–01079–ER–1.

United States Court of Appeals,
Ninth Circuit.

Submitted March 11, 2002.*

Decided March 21, 2002.

Before FARRIS, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Robert Anderson appeals his 110–month sentence imposed following his conviction by guilty plea to one count of conspiracy in violation of 18 U.S.C. § 371, two counts of possession of unregistered firearms in violation of 26 U.S.C. § 5861(d), two counts of illegal transfer of firearms in violation of 26 U.S.C. § 5861(e), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). We

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's factual findings for clear error. *See United States v. Blitz*, 151 F.3d 1002, 1009 (9th Cir.1998). We affirm.

Anderson contends that the district court erred by applying a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) for transfer of an explosive device with reason to believe that it would be used in connection with another felony offense. Anderson specifically argues that the evidence relied upon by the district court shows that the agent to whom Anderson sold the explosives intended to use them to blow up *his own* car, thereby not committing another felony as 2K2.1(b)(5) requires. This contention is unpersuasive.

The record shows that at sentencing the government produced transcripts of taped conversations between Anderson and a government agent in which: the agent informed Anderson that he intended to use the purchased pipe bombs to "blow up" another man's car; and Anderson gave the agent specific instructions on how to do so. The defense has failed to produce any evidence supporting its alternative interpretation of these transcripts. Accordingly, the district court did not err by finding, by a preponderance of the evidence, that an enhancement pursuant to § 2k2.1(b)(5) was appropriate. *See Blitz*, 151 F.3d at 1009 (9th Cir.1998).

AFFIRMED.